## STEVANE v. GOLDBERG.

(Supreme Court, Appellate Term, First Department.    March 13, 1916.)

LANDLORD AND TENANT ⬅233(4)—SUMMARY PROCEEDINGS—ACTIONS—IN-
STRUCTIONS.

> In summary proceedings for nonpayment of rent, brought against the
> undertenant, where the undertenant proved her payment of rent to the
> tenant, but the court refused to submit the question of whether the land-
> lord was estopped from denying the tenant's nonpayment of rent, and
> the only issue submitted was that of payment, an instruction that the
> landlord had the burden of proving payment is erroneous, and warrants
> reversal, where from the jury's inquiry it appeared they did not find
> any such payment.

> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 943;
> Dec. Dig. ⬅233(4).]

Appeal from Municipal Court, Borough of Manhattan, Second Dis-
trict.

Summary proceedings by Albert Stevane, landlord, against Sadie
Goldberg, undertenant, impleaded. From a final order for the under-
tenant, the landlord appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and
DELEHANTY, JJ.

Louis Levene, of New York City (Max Schleimer, of New York
City, of counsel), for appellant.

Horace London, of New York City, for respondent.

WEEKS, J.    This was a summary proceeding for nonpayment of
rent for the month of May, 1915.    The landlord had rented the prem-
ises No. 48 Division street to one Abramowitz for the term of three
years at a rental of $240 per month, payable in advance on the 1st
day of each month.    Thereafter part of said premises were leased
to the subtenant, Goldberg, at a monthly rental of $165.

No answer was filed by the tenant, but the subtenant filed an an-
swer, alleging payment to Abramowitz of her rent of $165 with the
knowledge and consent of the landlord; and upon the trial, with the
consent of the landlord, she was permitted to amend her answer by
also setting up payment of the full amount of the rent by Abramo-
witz to the landlord.

Upon the trial both landlord and tenant testified that the rent had
not been paid.    The subtenant proved payment of her rent to Abramo-
witz on May 7th, and offered evidence that this payment had been
made after her representative had been told by the landlord that he
had received his rent for the month of May.    This conversation was
denied by the landlord.    Although the subtenant now urges that the
landlord was estopped from claiming that he had not received the
May rent, the case was submitted to the jury solely upon the defense
of payment.    The court charged the jury as follows:

"In this case there is no doubt that Mrs. Goldberg had paid $165 to
Abramowitz; but as far as Stevane is concerned it does not make any differ-
ence how much he has paid, because there is not what we call a contractual

relationship between Stevane and Mrs. Goldberg. * * * If Abramowitz has not paid this money, then the landlord is entitled to the possession of this building. * * * Either Stevane received $240 from Abramowitz for the rent for the month of May, or he did not. If he received the rent for May, $240, from Abramowitz under this lease of his, then, of course, all the tenants and subtenants are entitled to stay there for the month of May, and not be disturbed. If that money was not paid to Stevane by Abramowitz, that $240, then Stevane is entitled to the possession of these premises."

The court refused to instruct the jury as to estoppel, but upon request of the tenant's attorney the court charged that:

"The burden of proof is upon the landlord, and if at the end of the case they are in doubt as to whether he made out a case or not, there should be a verdict in favor of the tenant."

To this charge the landlord duly excepted. This was the only instruction given to the jury upon the burden of proof, and, as the only question submitted to them was the affirmative defense of payment, this charge was error; but, as no specific charge upon the subject was requested by the landlord, a reversal might not be necessary, if it appeared that the jury properly understood the question submitted to them, and were not misled as to the burden of proof. Before rendering a verdict, however, the jury returned to court and asked the following question:

"If we decide on the defendant to pay the balance of $75, and to remain there as a tenant for the balance of the year, could it be done, because he paid the balance of $165 he has paid?"

The court properly instructed the jury that the verdict must be in favor either of the landlord or the tenant; but, in view of this inquiry by the jury, it seems manifest that they never determined that the tenant had established by a preponderance of evidence that the rent had been paid to the landlord, but that their verdict was influenced by sympathy for the undertenant, who had actually paid $165.

The erroneous charge as to the burden of proof, therefore, in my opinion, requires the reversal of the order appealed from, and the granting of a new trial, with $30 costs to the appellant to abide the event. All concur.